USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALE MILLER and JOHN F. BARTON, JR., on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; and DOES 1-10, inclusive,

Defendants.

17 Civ. 7284 (AT) (SN)

**ORDER ADOPTING REPORT AND <u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

Plaintiffs are current and former United Airlines pilots who hold Metropolitan Life Insurance Company ("Metlife") life insurance policies. On September 25, 2017, Plaintiffs sued Defendant Metlife alleging that Metlife intentionally and erroneously designated them as smokers when calculating their premiums. ECF No. 1. Plaintiffs assert claims for fraud and breach of contract and seek to certify a class of California-based pilots, a class of Colorado-based pilots, and a nationwide class. *Id.* On January 3, 2018, the Court referred the matter to the Honorable Sarah Netburn. ECF No. 58. On February 20, 2018, Plaintiffs filed an amended complaint (the "Amended Complaint"), ECF No. 73, and on March 13, 2018, Metlife moved to dismiss the Amended Complaint, ECF No. 74. Before the Court is the Report and Recommendation (the "R&R") of Judge Netburn, which recommends that Metlife's motion to dismiss Plaintiffs' fraud claim be granted without prejudice to refile as an individual action and that Plaintiffs' breach of contract claim be granted without prejudice to refile as a class or individual action. ECF No. 86. Plaintiffs and Metlife filed timely objections to the R&R. Pl. Objs., ECF No. 91; Def. Objs., ECF No. 90. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I.      Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

---

[1] The Court presumes familiarity with the facts, as set forth in the R&R, and, therefore, does not summarize them here. *See* R&R at 7–8.

II. Plaintiffs' Objections

A. Review Under Rule 12(b)(1)

First, Plaintiffs object to Judge Netburn's *sua sponte* subject matter jurisdiction inquiry under Federal Rule of Civil Procedure 12(b)(1).

Metlife moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6), ECF No. 74, arguing that Plaintiffs' claims are precluded under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f). Def. Mem. at 5–9, ECF No. 75. Judge Netburn stated that "[t]here is some question about whether a dismissal under SLUSA is properly brought as a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction," and then determined that "SLUSA preclusion as a matter of subject matter jurisdiction is appropriate given the limits to the law's mandate." R&R at 9. Plaintiffs argue that they were prejudiced by Judge Netburn's review of Metlife's motion under Rule 12(b)(1) because this review was "performed without notice" and Plaintiffs "would have submitted additional objections to the evidence considered, tailored specifically to Rule 12(b)(1) considerations, and discussed such in their briefing, had they had proper notice." Pl. Objs. at 5.

In ruling on a Rule 12(b)(6) motion, a court may rely only on the complaint's four corners, written instruments attached as exhibits, materials incorporated by reference, and documents integral to the complaint. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004). A Rule 12(b)(1) motion, however, is fact-based and a court can properly consider evidence beyond the pleadings. *See, e.g.*, *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). Plaintiffs argue that they were prejudiced by Judge Netburn's *sua sponte* review of Metlife's motion under Rule 12(b)(1) because they believed that she would "consider only the [Amended Complaint] and documents 'integral' thereto," and that

3

if they had proper notice, they "would have submitted additional objections." Pl. Objs. at 4–5. Specifically, Plaintiffs argue that Judge Netburn improperly considered the Declaration of Mary Skaggs (the "Skaggs Declaration") and SEC prospectuses. *Id.* at 3. The Court disagrees.

"Federal courts at all levels always begin their work with a simple question: Has Congress given us authority to hear and decide this matter?" *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017). "Statutory jurisdiction goes to the heart of a federal court's power, and federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Id.* (internal quotation marks and citation omitted). Therefore, Judge Netburn correctly undertook a *sua sponte* jurisdictional inquiry because SLUSA forbids the maintenance of class actions based on certain state-law claims. *See Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 380 (2014). Although Metlife raised a SLUSA preclusion defense under a Rule 12(b)(6) motion, Judge Netburn was entitled to analyze the court's jurisdiction pursuant to Rule 12(b)(1) without notifying Plaintiffs. Pl. Objs. at 5. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Wisoff v. City of Schenectady, NY*, No. 12 Civ. 1089, 2013 WL 12080917, at *2 n.4 (N.D.N.Y. May 7, 2013) ("[I]t is not necessary for [defendant] to formally and properly invoke Rule 12(b)(1) as the presence or lack of subject matter jurisdiction can be addressed *sua sponte*.").

Moreover, courts in this Circuit have considered extrinsic documents in conducting a SLUSA preclusion analysis under Rule 12(b)(6). "When determining whether actions are covered by SLUSA, courts . . . are 'free to look beyond the face of the . . . complaints to determine whether they allege securities fraud in connection with the purchase or sale of covered

4

securities.'" *Tolin v. Standard & Poor's Fin. Servs., LLC*, 950 F. Supp. 2d 714, 719 (S.D.N.Y. 2013) (quoting *Romano v. Kazacos*, 609 F.3d 512, 519–20 (2d Cir. 2010)). In *Tolin*, the court decided a Rule 12(b)(6) motion to dismiss based on SLUSA preclusion, and considered "documents publicly filed with the SEC" as well as a declaration submitted in support of the defendants' motion to dismiss. 950 F. Supp. 2d at 719–20 & n.1. The distinction between considering dismissal on the basis of SLUSA preclusion pursuant to Rule 12(b)(1) or 12(b)(6) is, therefore, "academic, . . . because even when a [SLUSA] motion is considered under Rule 12(b)(6), the district court is authorized to consider matters outside the pleadings and to make findings of fact when necessary." *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 378 (S.D.N.Y. 2002) (discussing whether dismissal for lack of standing is properly sought under Rule 12(b)(6) or Rule 12(b)(1)); *see also Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, No. 12 Civ. 9351, 2013 WL 3762882, at *1 n.1 (S.D.N.Y. July 18, 2013) (construing motion to dismiss "as being brought under Rule 12(b)(1)" because the defendant "argue[d] that the Court lack[ed] subject matter jurisdiction," even though the defendant "purport[ed] to move solely under Rule 12(b)(6)"). It did not matter, then, whether Judge Netburn conducted a SLUSA preclusion inquiry under Rule 12(b)(6) or 12(b)(1) because she could have properly considered both the Skaggs Declaration and the SEC prospectuses under both rules.[2]

---

[2] In any event, the Second Circuit has held that a court may consider public documents in connection with a motion to dismiss under Rule 12(b)(6). *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)."). Judge Netburn cited three paragraphs of the Skaggs Declaration, all of which summarize information contained within the public prospectuses, and which she cited in addition to the corresponding public prospectuses. R&R at 12. Because prospectuses filed with the SEC are public documents, *see Mintz v. Baron*, No. 05 Civ. 4904, 2006 WL 2707338, at *2 (S.D.N.Y. Sept. 19, 2006), Plaintiffs "belie[f] [that] the Magistrate Judge would consider only the Complaint and documents 'integral' thereto" was not justified. Pl. Objs. at 4–5.

The R&R determined that "reviewing [Defendants'] motion under Rule 12(b)(1) does not unfairly prejudice the pilots as they had the opportunity to discuss relevant exhibits in their opposition brief." R&R at 10 n.2. The Court agrees, and the objections are overruled.

B. SLUSA Preclusion

Second, Plaintiffs object to Judge Netburn's determination that Plaintiffs' fraud claim is precluded under SLUSA. Specifically, Plaintiffs argue that the R&R incorrectly held that Metlife's "fraud . . . was 'in connection with' the purchase and sale of covered securities." Pl. Objs. at 7.

"SLUSA precludes private parties from filing in federal or state court (1) a covered class action (2) based on state law claims, (3) alleging that defendants made 'a misrepresentation or omission of a material fact' or 'used or employed any manipulative or deceptive device or contrivance' (4) 'in connection with' the purchase or sale of (5) covered securities." *Rayner v. E*TRADE Fin. Corp.*, 899 F.3d 117, 119–20 (2d Cir. 2018) (quoting 15 U.S.C. § 78bb(f)(1)). A fraudulent misrepresentation is made "in connection with" the purchase or sale of a covered security if it is "material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" *Chadbourne*, 571 U.S. at 387.

Plaintiffs argue that Judge Netburn "ignore[d] the Supreme Court's more recent and overriding instruction on the scope of SLUSA preclusion" that explains that a fraudulent misrepresentation or omission is not made in connection with a purchase or sale of a covered security "unless it is material to a decision by one or more individuals (other than the fraudster)" and the individual "making that decision . . . must be a party other than the fraudster." Pl. Objs. at 7–8 (citing *Chadbourne*, 571 U.S. at 387–88). The R&R, however, cites the *Chadbourne* instruction for this very proposition. R&R at 12–13.

6

Here, the relevant covered security purchases were Plaintiffs' purchases of the Group Variable Universal Life ("GVUL") policies. A feature of the GVUL policy is that "policyholders can invest their premiums in various mutual funds" and the "insurance charges are then paid out of these investments." *Id.* at 13. "As a result of Metlife's alleged fraud, the value of the pilots' investment was diminished because they had to pay higher insurance charges" and in order to pay for these higher insurance charges, "the investment division sold a greater amount of the pilots' investment in mutual funds than if the pilots had been designated as non-smokers." *Id.* Because of Plaintiffs' purchases of the GVUL policies, they paid higher insurance charges based on Metlife's alleged fraud relating to smoker rates. The Court agrees with Metlife, therefore, that under these allegations, "Metlife is the alleged fraudster and Plaintiffs are the 'someone' who made a decision as a result of the alleged fraud." Def. Opp. at 11, ECF No. 92. It follows, then, that any misrepresentations that resulted in higher premiums are "in connection with" the purchase or sale of a covered security. *See Chadbourne*, 571 U.S. at 387–88.

Accordingly, the Court agrees with Judge Netburn that Plaintiffs allege fraud in connection with the purchase or sale of a covered security, and, therefore, that Plaintiffs' fraud claim is precluded by SLUSA.[3]

### C. Breach of Contract Claim

Third, Plaintiffs object to Judge Netburn's recommendation that Plaintiffs breach of contract claim be dismissed without prejudice. Pl. Objs. at 9. In a two sentence objection, Plaintiffs argue that they "continue to believe they adequately stated a claim for breach of

---

[3] Because Plaintiffs only object to the R&R's finding that Plaintiffs allege a misrepresentation or omission that is "in connection with" the purchase or sale of a covered security, Pl. Objs. at 7–9, the Court reviews the rest of Judge Netburn's SLUSA preclusion analysis for clear error only, and finds none.

7

contract for the reasons stated in their Opposition." *Id.* This objection is too vague and general to trigger *de novo* review. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) ("[O]bjections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal citation and quotation marks omitted)). The Court finds no clear error with Judge Netburn's determination. For that reason, this objection is overruled.

III. Metlife's Objections

A. Failure to Cure Deficiencies

Metlife contends that the R&R failed to consider its argument that Plaintiffs' repeated failure to cure the deficiencies in their complaint bars any further amendment. Def. Objs. at 6–9. Metlife's objection is unavailing as it does nothing more than repeat the arguments it presented to Judge Netburn. *See* Def. Reply at 10 n.49, ECF No. 82 (arguing that Plaintiffs' request for leave to amend should be denied as futile because "Plaintiffs should not be given any further opportunities to try to remedy deficiencies that have been repeatedly identified").

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave when justice so requires." "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (internal quotation marks and citation omitted). Denial of leave to amend is proper where "undue delay, bad faith, dilatory motive, and futility" is found. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). In the absence of these circumstances, the Second Circuit has advised courts to "hew to the liberal standard set forth in Rule 15." *Id.*

Plaintiffs filed their complaint on September 25, 2017, ECF No. 1, Metlife moved to dismiss the complaint on February 1, 2018, ECF No. 67, and then Plaintiffs filed an amended complaint on February 20, 2018 instead of opposing the motion, which dismissed a defendant

8

and made substantive revisions to the pleading, ECF No. 73. Contrary to Metlife's assertions, therefore, the R&R was the first time that any court adjudicated the substance of the claims alleged in the Amended Complaint.[4] "The proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient. Before learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously." *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017). "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin.*, 797 F.3d at 190.

Accordingly, the Court agrees with Judge Netburn that Plaintiffs' fraud and breach of contract claims should be dismissed without prejudice.

    B. Fraud Claim

Next, Metlife objects to Judge Netburn's recommendation that Plaintiffs' fraud claim should be dismissed without prejudice and with leave to refile as an individual action. Def. Objs. at 9. Specifically, Metlife argues that the fraud claim should be dismissed with prejudice because (1) they are time-barred, (2) Metlife did not conceal that it was charging Plaintiffs a smoker rate, (3) Plaintiff Miller's individual fraud claim is barred by California's economic loss

---

[4] Metlife argues that "Plaintiffs have now filed four complaints against Metlife making the same allegations" and that "Plaintiffs should not be given a fifth opportunity to attempt to state viable claims." Def. Objs. at 6. In so doing, Metlife references documents from a related lawsuit in California and includes a first-time request for judicial notice of these documents. Def. Objs. at 3 & n.2. The Court agrees with Plaintiffs that these documents are not properly considered by the Court for purposes of reviewing the R&R. Pl. Opp. at 3–4, ECF No. 93. *See Wong v. Healthfirst, Inc.*, No. 04 Civ. 10061, 2006 WL 2457944, at *1 (S.D.N.Y. Aug. 23, 2006) (stating that where the plaintiff has "set forth new evidence" that was not before a magistrate judge, "accepting [this] new evidence is disfavored absent a 'most compelling reason.'" (citation omitted)); *Wesley v. Alexander*, No. 99 Civ. 2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." (internal quotation marks and citation omitted)).

rule, and (4) the individual fraud claims do not meet Federal Rule of Civil Procedure 9(b)'s particularity standards. *Id.* at 9–16.

Metlife only repeats the arguments it presented to Judge Netburn. *See* Def. Mem. at 9–21 (arguing that Plaintiffs' fraud claims should be dismissed for these four reasons). As noted by Plaintiffs, this objection "merely cuts and pastes numerous extensive sections from the Motion to Dismiss, with slight revisions in some areas." Pl. Opp. at 7. These "objections," therefore, do not give rise to *de novo* review, as they "simply reiterate[] [Metlife's] original arguments." *Easterly v. Tri-Star Transp. Corp.*, No. 11 Civ. 6365, 2015 WL 337565, at *1 (S.D.N.Y. Jan. 23, 2015). To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). The Court, therefore, reviews this portion of the R&R strictly for clear error, *Easterly*, 2015 WL 337565, at *1, and finds none. Judge Netburn's determination that Plaintiffs' fraud claim should be dismissed without prejudice is free of legal error.[5]

### C. Breach of Contract Claim

Third, Metlife argues that Judge Netburn "incorrectly recommended dismissal of Plaintiffs' breach of contract claims *without prejudice*." Def. Objs. at 16 (emphasis in original). Specifically, Metlife contends that "the R&R did not consider whether Plaintiffs had alleged facts which would make it impossible [to plead] a breach of contract claim such that: (1) the

---

[5] Moreover, a court is not required to address every argument advanced by a party. Judge Netburn recommended that the fraud claim be dismissed without prejudice for lack of subject matter jurisdiction under SLUSA. R&R at 15. In doing so, Judge Netburn applied the correct law and adequately explained her reasoning. Contrary to Metlife's contention that Judge Netburn "did not address four of Metlife's points," Def. Objs. at 9, district courts are not required to assess each argument in detail. Indeed, "there is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." *Driessen v. Royal Bank Int'l*, No. 14 Civ. 1300, 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015) (citing *Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) ("[A] district court is not required to 'write an opinion or lengthy order in every case[.]'" (citation omitted))).

10

continuing wrong doctrine would apply and (2) the claim would not be based on misrepresentation or omission." *Id.* at 16–17.

Judge Netburn held that "a[t] this point, the Court is unable to determine whether the continuing wrong doctrine applies" because "the pilots fail to state a claim for breach of contract for which relief may be granted." R&R at 22. The Court agrees that it cannot now "assess whether the alleged breach was ongoing or occurred only at one moment in time," but "[s]hould the pilots decide to amend their complaint again, the Court will be able to assess whether [the continuing wrong doctrine applies]." *Id.* Once Plaintiffs amend the Amended Complaint and provide the Court with additional information, as detailed in the R&R, the Court may properly assess whether Plaintiffs' claims are time-barred by the continuing wrong doctrine. Doing so at this stage is premature and a waste of judicial resources.

Similarly, Judge Netburn also recommended deferring the SLUSA analysis of the breach of contract claim because "it is possible that the pilots, after amendment, could state a claim for breach of contract without pleading any material omission or misrepresentation."[6] R&R at 14. The Court agrees. There is no way to know what claims and allegations will be included in an amended complaint until it is filed. Moreover, "SLUSA does not preempt state law contract claims." *Gurfein v. Ameritrade, Inc.*, No. 04 Civ. 9526, 2006 WL 2959146, at *1 (S.D.N.Y. Oct. 13, 2006). "Straightforward claim[s] of breach of contract" that do not "rely on, or need, any assertion of misrepresentation or omission," therefore, can be "prosecuted as [] common-law breach of contract claim[s]." *Id.* The Court, therefore, rejects Metlife's contention that Judge

---

[6] An allegation is precluded by SLUSA if (1) there is an allegation of a misrepresentation or omission, (2) the allegation is of conduct by the defendant, and (3) the allegation is necessary to liability under the state law claims. *Zweiman v. AXA Equitable Life Ins. Co.*, 146 F. Supp. 3d 536, 546 (S.D.N.Y. 2015).

Netburn incorrectly "deferr[ed] [] a decision as to whether SLUSA bars Plaintiffs' breach of contract claims." Def. Objs. at 19.

Metlife also argues that the R&R "incorrectly suggested that Plaintiffs could assert a cause of action that was not alleged in the [Amended Complaint]." Def. Objs. at 17. This objection is also overruled. Judge Netburn found that "the pilots could assert a colorable claim for breach of the covenant of good faith and fair dealing if given leave to amend." R&R at 17. She reasoned that "Metlife allegedly used its discretion to set the pilots' insurance rates; if this discretionary power was misused, that could constitute a violation of the covenant of good faith and fair dealing." *Id.* Metlife argues that the covenant does not apply because the applicable policy allowed Metlife to "use any reasonable method to compute Premiums due under this policy." Def. Objs. at 20 (internal quotation marks and citation omitted). This argument, however, directly supports the R&R's determination that "the pilots could assert a colorable claim for breach of the covenant . . . if this *discretionary* power was misused." R&R at 17 (emphasis added); *see also Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 795 (1998) ("[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing."). The Court finds, therefore, "that granting leave to amend the complaint to allege a claim for breach of the covenant of good faith and fair dealing would not be futile." R&R at 18; *see also Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

The R&R recommends dismissing Plaintiffs' breach of contract claim without prejudice, granting leave (1) to identify which specific contractual provision was allegedly breached and/or

12

(2) to assert a breach of the covenant of good faith and fair dealing. R&R at 18. The Court agrees, and the objections are overruled.

### D. Exhibits

Finally, Metlife argues that Judge Netburn "incorrectly refused to consider [seven] exhibits in connection with [its] Motion to Dismiss." Def. Objs. at 21. Metlife claims that Exhibits 1 through 3 and 11 through 14 were integral to the Amended Complaint, and thus should have been considered. *Id.* at 21–26. In support of this objection, Metlife again merely repeats the arguments it presented to Judge Netburn, which do not give rise to *de novo* review. *See* Def. Mem. at 2–6, ECF No. 83 ("The correspondence in exhibits 1, 2, 3, 11, 12, 14 is clearly 'integral to the complaint' because Plaintiffs make a claim of fraudulent omission . . . ."); *see id.* ("Exhibit 13 . . . is likewise integral to Plaintiffs' Amended Complaint and should not be stricken."). Judge Netburn considered these arguments and properly held that because Plaintiffs did not rely on these documents in their allegations, they could not be considered on a motion to dismiss.[7] R&R at 3–4. Therefore, the Court, once again, reviews this portion of the R&R for clear error and finds none. Judge Netburn's determination is well-reasoned and grounded in fact and law.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiffs and Metlife properly object and has reviewed the remainder of the R&R for clear error.[8] For the

---

[7] This analysis applies with equal force to Exhibit 13, which consists of a value statement sent by Metlife to Plaintiff Miller. ECF No. 76-13. Although this exhibit was not expressly mentioned by Judge Netburn, it is neither incorporated by reference in the Amended Complaint nor integral to the Amended Complaint. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). It is not, therefore, properly considered on a motion to dismiss. *Id.*

[8] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.

reasons stated above, the Court ADOPTS the R&R in its entirety. Plaintiffs' fraud claim is DISMISSED without prejudice to refiling as an individual action and Plaintiffs' breach of contract claim is DISMISSED without prejudice to refiling as a class or individual action, provided that the second amended complaint complies with SLUSA.

The Clerk of Court is directed to terminate the motion at ECF No. 74.

SO ORDERED.

Dated: November 15, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge